UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIAN GUO,<br><br>    Plaintiff,<br><br>v.<br><br>ZTO EXPRESS (CAYMAN) INC., et al.,<br><br>    Defendants | Case No. 17-cv-05357-JST<br><br>**ORDER GRANTING MOTION TO REMAND, DENYING MOTION TO STAY, AND DENYING AS MOOT MOTION TO TRANSFER**<br><br>Re: ECF Nos. 5, 15 |

Before the Court is Plaintiff's motion to remand and Defendants' joint motion for transfer. ECF Nos. 5, 15. The Court will grant Plaintiff's motion to remand and deny Defendants' joint motion for transfer. The Court will also deny Defendants' alternative request for a stay.

## I. BACKGROUND

This securities class action was commenced in the Superior Court of the State of California, County of San Mateo, on August 11, 2017. See ECF No. 15 at 10 n2. The named plaintiff is Jian Guo ("Plaintiff"). See id. Defendants include ZTO Express Inc., Meisong Lai, Jianmin Guo, Jianfa Lai, Jilei Wang, Xiangliang Hu, Baixi Lan, Xing Liu, and Frank Zhen Wei; Morgan Stanley & Co. International plc, Goldman Sachs (Asia) L.L.C., China Renaissance Securities (Hong Kong) Limited, Citigroup Global Markets Inc., Credit Suisse Securities (USA) LLC, and J.P. Morgan Securities LLC (collectively "Defendants"). See id. at 9 n1. Plaintiff brings this claim on behalf of all persons who purchased or otherwise acquired the common stock of ZTO pursuant or traceable to the registration statement and prospectus issued in connection with the Company's initial public offering commenced in October 2016 (the "Offering"). See id. at 10 n2. The action asserts claims solely under §§11, 12(a)(2) and 15 of the Securities Act of 1933 ("Securities Act") against "the Company, certain Company officers and directors, certain

venture capital firms subject to liability as control persons, and the underwriters of the Offering. See id.

Defendants removed the action to federal court pursuant to 28 U.S.C. §1441(a), which authorizes removal of federal claims "[e]xcept as otherwise expressly provided by Act of Congress." See ECF No. 1.

Defendants filed their motion to transfer on September 15, 2017. ECF No. 5. Plaintiff filed his opposition to the motion to transfer on September 29, 2017. ECF No. 24. Defendants filed their reply on October 6, 2017. ECF No. 26.

Plaintiff filed his motion to remand on September 25, 2017. ECF No. 15. Defendants filed their opposition to the motion to remand on October 10, 2017. ECF No. 31. Plaintiff filed their reply on October 17, 2017. ECF No. 32.

## II. LEGAL STANDARD

A suit may be removed from state court to federal court only if the federal court would have had subject matter jurisdiction over the case. 28 U.S.C. § 1441(a); see Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."). If it appears at any time before final judgment that the federal court lacks subject matter jurisdiction, the federal court must remand the action to state court. 28 U.S.C. § 1447(c).

"The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009). A defendant ordinarily "has the burden of establishing that removal is proper" due to the "strong presumption against removal jurisdiction." Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009) (internal citation omitted). "However, a plaintiff seeking remand has the burden to prove that an express exception to removal exists." Luther v. Countrywide Home Loans Servicing LP, 533 F.3d 1031, 1034 (9th Cir. 2008).

## III. DISCUSSION

### A. Statutory Framework

A party may remove from state court any civil action that originally could have been

brought in federal court, "[e]xcept as otherwise expressly provided by Act of Congress." 28 U.S.C. § 1441(a). The Securities Act provides an express exception to removal, wherein it states: "Except as provided in section 77p(c) of this title, no case arising under this subchapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States." 15 U.S.C. § 77v(a). Additionally, the Act allows for concurrent jurisdiction, wherein it states: "the district courts of the United States . . . shall have jurisdiction of offenses and violations under this subchapter . . . concurrent with State and Territorial courts, of all suits in equity and actions at law brought to enforce any liability or duty created by this subchapter." Id.

As noted above, the Act's anti-removal provision contains an exception tethered to section 77p(c). That section, titled "Removal of covered class actions," states "any covered class action brought in any State court involving a covered security, as set forth in subsection (b), shall be removable to the Federal district court for the district in which the action is pending, and shall be subject to subsection (b)." 15 U.S.C. § 77p(c).

Section 77p(b), in turn, states:

No covered class action based upon the statutory or common law of any State or subdivision thereof may be maintained in any State or Federal court by any private party alleging—

(1) an untrue statement or omission of a material fact in connection with the purchase or sale of a covered security; or

(2) that the defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security.

15 U.S.C § 77p(b).

The SLUSA defines "covered class actions" as including "any single lawsuit in which . . . damages are sought on behalf of more than 50 persons or prospective class members . . . [or] one or more named parties seek to recover damages on a representative basis on behalf of themselves and other unnamed parties similarly situated." 15 U.S.C. § 77p(f)(2)(A)(i). Parties dispute the application and interpretation of language in Section 77(b) that refers to a "covered class action based upon the statutory or common law of any State."

**B.      Motion to Remand**

Plaintiff and Defendants disagree regarding whether Section 77v(a) prohibits removal of

3

securities fraud class actions that only raise federal law claims. Joining many other district courts in the Ninth Circuit, the Court here concludes that the plain language of the statute supports the Plaintiff's interpretation of the statute that the provisions prohibit removal.

Under the plain language of the statute, the exception to Section 77v(a)'s anti-removal provision only applies to "covered class action[s]" that are "based upon the statutory or common law *of any State*." See 15 U.S.C. § 77p(b) (emphasis added). Here, Plaintiff only brings claims under the federal Securities Act. ECF No. 15 at 10 n2. The complaint lacks any claims under state law. Thus, the exception does not apply and the plain language of the statute prevents Defendant from removing to federal court. See 15 U.S.C. § 77v(a) ("No case arising under this subchapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States.").

This interpretation aligns with "over 20 district court judges in the Ninth Circuit alone, with zero rulings to the contrary." Bucks Cty. Emples. Ret. Fund v. NantHealth, Inc., No. 2:17-cv-03964-SVW-SS, 2017 WL 3579889, at *2 (C.D. Cal. Aug. 18, 2017). Numerous judges in the Northern District have remanded cases based on a similar interpretation of the SLUSA. See, e.g. Book v. Pronai Therapeutics, Inc., Nos. 5:16-cv-07408-EJD, 5:17-cv-01740-EJD, 2017 WL 2533664 (N.D. Cal. June 12, 2017); Rivera v. Fitbit, Inc., Nos. 16-cv-02890-SI, 16-cv-03381-SI, 2016 WL 4013504 (N.D. Cal. July 27, 2016); Elec. Workers Local #357 Pension & Health & Wellness Trusts v. Clovis Oncology, Inc., 185 F. Supp. 3d 1172 (N.D. Cal. 2016); Desmarais v. Johnson, Nos. C 13-03666 WHA, C 13-03668 WHA, 2013 WL 5735154 (N.D. Cal. Oct. 22, 2013). The Court thus grants Plaintiff's motion to remand.

**C.     Request for Stay**

In the alternative, the Defendants ask the Court to stay this case pending the Supreme Court's resolution of certiorari petition in Cyan, Inc. v. Beaver Cty. Emps. Ret. Fund, which Defendants state will "resolve the division among federal courts as to "[w]hether state courts lack subject matter jurisdiction over covered class actions that allege only [Securities] Act claims – the very issue presented on removal in this case." ECF No. 31 at 10; see also Cyan, Inc. v. Beaver Cty. Employees Ret. Fund, 137 S. Ct. 2325 (2017) (order granting certiorari).

4

The Court is not persuaded by this suggestion. Deciding "[w]hether to stay proceedings is entrusted to the discretion of the district court." See Perryman v. Litton Loan Servicing, LP, No. 14-cv-02261-JST, 2016 WL 1258584, at *1 (N.D. Cal. March 30, 2016). In determining whether to stay an action, courts consider: "[(1)] the possible damage which may result from the granting of a stay, [(2)] the hardship or inequity which a party may suffer in being required to go forward, and [(3)] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962). The burden is on the movant to show that a stay is appropriate. See Clinton v. Jones, 520 U.S. 681, 708 (1997). The Court finds that a stay is not justified based on these three factors.

First, granting a stay will likely prejudice Plaintiff because the Supreme Court has not yet decided Cyan and it is not presently known when the Supreme Court will issue a decision. ECF No. 31 at 31. Staying the case negatively impact Plaintiff's ability to conduct effective discovery. Cabiness v. Educ. Fin. Solutions, LLC, 2017 WL 167678, at *3 (N.D. Cal. 2017) ("[P]assage of time will make it more difficult to reach the class members and will increase the likelihood that relevant evidence will dissipate.").

Second, Defendants have not clearly established that they would face hardship or inequity if required to move forward. That waiting for Cyan to be decided might save Defendant the costs of further litigation does not satisfy this requirement. See Lockyer v. Mirant Corp., 398 F.3d 1098, 1112 (9th Cir. 2005) ("[B]eing required to defend a suit, without more, does not constitute a clear case of hardship or inequity). Regardless of whether this case proceeds in federal or state court, discovery will occur. See Seafarers Officers & Emps. Pension Plan v. Apigee Corp., No.17-cv-04106-JD, 2017 U.S. Dist. LEXIS 142292, at *4 (N.D. Cal. Sept. 1, 2017) ("there is no efficiency penalty imposed by remand, because [the defendant] will need to litigate the case in the meantime"). The cost to Defendants of producing the same discovery and preparing the same arguments in multiple courts does not outweigh the potential harm to the Plaintiff.

Third, a stay will not simplify the legal issues. Cyan will not resolve any of the underlying

5

legal issues related to the securities claims other than jurisdiction. Moreover, the potential impact of the Cyan decision is speculative. Defendants argue that staying the case would "prevent wasteful state court proceedings" because a similar action is currently proceeding against Defendants in the Southern District of New York. ECF No. 31 at 32. However, both cases will proceed in either state or federal court after the Supreme Court decides Cyan. See Seafarers, 2017 U.S. Dist. LEXIS 142292 at *4 (N.D. Cal. Sept. 1, 2017) ("One way or another, this case will go forward.").

Defendants point to a recent decision to stay a similar case from the Northern District of Alabama to support their argument. City of Birmingham Ret. & Relief Sys. v. ZTO Express (Cayman), Inc., No. 2:17-CV-1091-RDP, 2017 WL 3750660 (N.D. Ala. Aug. 29, 2017). That court acknowledged that "most of the district courts in the First, Seventh, Ninth, and Eleventh circuits have remanded [similar] cases back to state court." Id. at 1. Nonetheless, the court granted a stay, concluding that "it is prudent to await the Supreme Court's guidance" in Cyan. Id. The City of Birmingham court did not identify or analyze the factors to be considered in considering a stay motion, and this Court is not persuaded by its reasoning. Multiple courts in this district have denied motions to stay remand proceedings pending the Cyan decision in similar cases. See e.g. Seafarers, 2017 U.S. Dist. LEXIS 142292 at *5; Pronai, 2017 WL 2533664 at *2. Those decisions are the more persuasive.

Accordingly, the Court denies the Defendant's request to stay proceedings.

### D. Motion to Transfer

The Court will also deny as moot Defendants' alternative request to transfer the case to the Southern District of New York, in light of the Court's conclusion that it lacks subject matter jurisdiction. ECF No. 5. Federal courts are of limited jurisdiction, and thus in every federal action "the first and fundamental question is that of jurisdiction." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998). "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." Id. (internal citation omitted).

Defendants argue that this Court should resolve the issue of transfer before reaching the

request to remand. They base their request on the Supreme Court's decision in <u>Sinochem International Co. v. Malaysia International Shipping Corp.</u>, 549 U.S. 422 (2007). See ECF No. 5 at 8. There, the Court recognized that "a federal court has leeway to choose among threshold grounds for denying audience to a case on the merits" and "may dispose of an action by a forum non conveniens dismissal, bypassing questions of subject-matter and personal jurisdiction, when considerations of convenience, fairness, and judicial economy so warrant." <u>Sinochem</u>, 549 U.S. at 431-32 (internal citation omitted). Since <u>Sinochem</u>, some courts have granted motions to transfer without first resolving remand motions or other challenges to their jurisdiction, where it is a "less burdensome course" than resolving complex jurisdictional issues. <u>S.F. Tech. Inc. v. Adobe Sys., Inc.</u>, Nos. CV 10–01652 RS, C 09–6083 RS, 2010 WL 1640397, at *2 (N.D. Cal. Apr. 19, 2010) (considering transfer motion first when jurisdictional issue was "not straightforward" and presented an issue currently before an appeals court).

However, the leeway given to federal courts in deciding other issues before jurisdiction should be exercised sparingly:

> If . . . a court can readily determine that it lacks jurisdiction over the cause or the defendant, the proper course would be to dismiss on that ground. In the mine run of cases, jurisdiction "will involve no arduous inquiry" and both judicial economy and the consideration ordinarily accorded the plaintiff's choice of forum "should impel the federal court to dispose of those issues first."

549 U.S. at 436; <u>see</u> also <u>Mothershed v. Justices of the Supreme Court</u>, 410 F.3d 602, 607 n.4 (9th Cir. 2005) ("Where subject-matter jurisdiction will involve no arduous inquiry . . . the federal court [must] dispose of that issue first.") (internal citation omitted). Federal courts' narrow exercise of their discretion in these circumstances is consistent with the bedrock principle that "[a] federal court must always show respect for the jurisdiction of other tribunals." <u>Iowa Mut. Ins. Co. v. LaPlante</u>, 480 U.S. 9, 21 (1987) (Stevens, J., concurring). In <u>Sinochem</u>, the question of jurisdiction was one of first impression, and could not be resolved without burdensome discovery. 549 U.S. at 435. In this case, the answer to the jurisdiction question is plain. There is no reason for the Court to avoid deciding jurisdiction now.

This Court's decision aligns with other recent district court rulings in the Ninth Circuit,

where courts have refused to decide motions to transfer before remanding similar cases to state court. See Clovis, 185 F. Supp. 3d at 1184 (finding the plain language of the statute required remand and transfer was "moot"); Cervantes v. Dickerson, No. 15-cv-3825-PJH, 2015 WL 6163573, at *7 (N.D. Cal. Oct. 21, 2015) ("[b]ecause the court remands the case for lack of subject matter jurisdiction, the motion to transfer is denied as moot."). Here, the Court grants the motion to remand. Therefore, the motion to transfer is denied as moot.

## CONCLUSION

The Court grants Plaintiff's motion to remand. This action is hereby remanded to the San Mateo Superior Court. Defendants' request for stay is denied and their motion to transfer is denied as moot.

**IT IS SO ORDERED.**

Dated: December 22, 2017

_____
JON S. TIGAR
United States District Judge